UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TROY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-2045-ERW |
| | ) | |
| NANCY KASSEBAUM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Troy Williams's Motion to Reopen Case. (Docket No. 17). The motion will be denied.

This case began on December 11, 2014, when plaintiff, a resident at the Northwest Missouri Psychiatric Rehabilitation Center, filed a complaint in this Court against Nancy Kassebaum, a former senator for the State of Kansas. Therein, plaintiff alleged that he wrote to Kassebaum about his idea to cure numerous diseases, and sent her a formula. On January 22, 2015, after determining that the complaint failed to state a claim for relief, this Court dismissed plaintiff's complaint. (Docket No. 5). On March 2, 2015, plaintiff filed a notice of appeal in the Eighth Circuit Court of Appeals. (Docket No. 8). Therein, he referenced the proper case number, and stated that he wished to appeal his case. (*Id.*) On May 26, 2015, the Court of Appeals affirmed the dismissal of plaintiff's case. (Docket No. 13). The Court of Appeals issued its Mandate on July 7, 2015. (Docket No. 14).

In support of the instant motion, plaintiff states that he did not receive notice of dismissal until 2016. However, this assertion is belied by the fact that plaintiff filed a notice of appeal on March 2, 2015, stating that he wished to appeal his case. As other grounds for reopening his

case, plaintiff states that Kassebaum has a listening device, and he also makes statements related to formulas, vaccines, and his own health.

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party ... from a final judgment, order, or proceeding for" reasons including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) ... applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(b) relief is limited, and "a district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." *PNC Bank, Nat. Ass'n v. El Tovar, Inc.*, No. 4:13–CV–1073 CAS, 2014 WL 562648, at *3 (E.D. Mo. Feb. 13, 2014) (citations omitted). Further, "Rule 60(b) 'is not a vehicle for simple reargument on the merits.'" *Id.* (*quoting Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)).

The Court has carefully considered the instant motion, and has determined that it will be denied. First, the motion is untimely, as it was filed nearly two years after his case was dismissed. Even if it were timely, none of the reasons plaintiff states can be said to amount to an adequate showing of exceptional circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Reopen Case (Docket No. 17) is **DENIED.**

Dated this 18th day of January, 2017.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE